UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOLITA NELSON,<br><br>    Plaintiff,<br><br>    v.<br><br>RAYMOND DUNCAN, *et al.*,<br><br>    Defendants. | Case No. 1:25-cv-00700-CDB<br><br>ORDER GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS*<br><br>(Doc. 2)<br><br>FIRST SCREENING ORDER REQUIRING RESPONSE FROM PLAINTIFF<br><br>(Doc. 1)<br><br>**21-DAY DEADLINE** |

Plaintiff Lolita Nelson ("Plaintiff"), proceeding pro se, initiated this action with the filing of a complaint on June 9, 2025, against Defendants Raymond Duncan, Sanda Moody, D.A. Office/Prosecutor ("D.A. Office"), Janette Duncan, and Dajion Hill (collectively, "Defendants"). (Doc. 1).

**I.    Motion to Proceed *In Forma Pauperis***

Plaintiff has filed a motion to proceed *in forma pauperis* without prepaying fees or costs pursuant to 28 U.S.C. § 1915. (Doc. 2). The Court finds Plaintiff has made the showing required by § 1915, and the request to proceed *in forma pauperis* will be granted. *See* 28 U.S.C. § 1915(a) (authorizing the commencement of an action "without prepayment of fees or security" by a person who is unable to pay such fees).

## II. Screening Requirement

Pursuant to 28 U.S.C. § 1915(e)(2)(B), federal courts must screen *in forma pauperis* complaints and dismiss any case that is "frivolous or malicious," "fails to state a claim on which relief may be granted" or seeks monetary relief against an immune defendant. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (*en banc*) ("[S]ection 1915(e) not only permits but requires a district court to dismiss an [IFP] complaint that fails to state a claim."); (*see also id.* at 1129) ("section 1915(e) applies to all *in forma pauperis* complaints, not just those filed by prisoners.").

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief…" Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See Balisteri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Pleadings by self-represented litigants are to be liberally construed. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," not her legal theories. *Neitzke v. Williams*, 490 U.S. 319, 330 n .9 (1989). Furthermore, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (internal quotation marks & citation omitted), and courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks & citation omitted).

## III. Plaintiff's Allegations[1]

Plaintiff names as Defendants Raymond Duncan, Janette Duncan, Sanda Moody, Daijon Hill, and "D/A Office/Prosecutor" located at the Santa Maria Superior Court. (*See* Doc. 1). The

---

[1] The undersigned accepts Plaintiff's allegations in the complaint as true only for the purpose of the *sua sponte* screening requirement under 28 U.S.C. § 1915.

2

1 complaint indicates the basis for federal court jurisdiction is federal question. (*Id.* at 3). Plaintiff seeks a jury to decide the amount-in-controversy. (*Id.* at 4). The complaint is signed and dated June 3, 2025. (*Id.* at 5).

Plaintiff appears to allege that Defendants sent her "money to foreign countries to each from [her] benefits, us[ed her] identity," committed mail fraud, bought houses, cars, and acquired business in her name and all Defendants "authorize[d] abuse of power and conspiracy[,] tormenting [her.]" (*Id.* at 3). Plaintiff alleges that Defendant Hill conspired with Defendant Raymond Duncan and his wife, Defendant Janette Duncan. (*Id.* at 4). Plaintiff further alleges that "tenants were set up and frame, double jeopardy behind fal[s]e allegations, having [Plaintiff] put on the streets, when [she] was supporting Mr. Eugene Allen health issue." (*Id.*).

**IV.     Discussion**

    **A.     Failure to State a Claim Under Rule 8**

Upon preliminary screening, Plaintiff's complaint fails to comply with Rule 8 of the Federal Rule of Civil Procedure, fails to state a cognizable claim, fails to demonstrate that venue is proper in this Court, and cites no statutory authority nor any other applicable source of law from which her claims are raised.

The complaint does not clearly state what happened, when or where it happened, or the involvement of any of the named Defendants. Plaintiff's allegations must be based on facts as to what happened, to include identifying the alleged wrongful acts of each of the Defendants that led to the violation of Plaintiff's rights. The only facts asserted—that she was "put on the streets" when she was helping a non-party individual based on a purported conspiracy of Defendants— are deficient and conclusory such that it does not provide Defendants fair notice of the claims and grounds supporting them. *Swierkiewicz*, 534 U.S. at 513; *Iqbal*, 556 U.S. at 678 ("[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Should Plaintiff elect to file an amended complaint to remedy these general deficiencies, it should include a short and plain statement of her claims, identifying what happened, when it happened and who was involved. Fed. R. Civ. P. 8(a). Further, any amended complaint should

make clear the demand for the relief sought, such as damages or other equitable relief.  (*Id.*).

In the section of the complaint prompting her to identify the federal statutes or other basis for federal question jurisdiction, Plaintiff alleges that one or more defendants misappropriated her identity and committed "mail fraud."  These are criminal offenses.  Plaintiff, as a private individual, cannot pursue claims against Defendants under criminal statutes.  *See. e.g., Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (holding specific criminal provisions in the United States Code "provide no basis for civil liability"); *Clinton v. Allison*, No. 3:23-cv-01471-CAB-SBC, 2024 WL 1859956, at *10 (S.D. Cal. Apr. 29, 2024) (discussing plaintiff's references to federal and state criminal statutes and finding "criminal statutes do not give rise to civil liability under section 1983"); *Jones v. Cnty. of Sonoma*, No. 23-cv-02730-CRB, 2024 WL 1354496, at *4 (N.D. Cal. Mar. 29, 2024) (finding plaintiff "fails to state a claim under 18 U.S.C. § 1503 because the statute only applies to criminal cases and does not provide a civil cause of action"); *Bland v. Gross*, No. 1:20-cv-00542-DAD-BAM (PC), 2021 WL 120964, at *1 (E.D. Cal. Jan. 13, 2021) ("Title 18 of the United States Code is a criminal statute and does not provide individual plaintiffs with a private cause of action.") (quotation and citation omitted).

As to Plaintiff's vague reference to "conspiracy [to] torment[]" her (Doc. 1 at 3, 4), "[a] civil conspiracy is a combination of two or more persons who, by some concerted action, intend to accomplish some unlawful objective for the purpose of harming another, which results in damage." *Washington v. Thuston*, Case No. 1:24-cv-00254-HBK, 2024 WL 1722418, at *4 (E.D. Cal. Apr. 19, 2024) (citing *Gilbrook v. City of Westminster*, 177 F.3d 839, 856 (9th Cir. 1999)). "To prove a civil conspiracy, the plaintiff must show that the conspiring parties reached a unity of purpose or common design and understanding, or a meeting of the minds in an unlawful agreement."  (*Id.*).

Here, the complaint's conclusory allegations of a purported conspiracy of Defendants, without factual support, are insufficient to state a conspiracy claim.  *See Burns v. Cnty. of King*, 883 F.2d 819, 821 (9th Cir. 1989) (per curiam).  Should Plaintiff seek to assert a viable conspiracy claim, she adequately allege that an "agreement or meeting of the minds to violate [her] constitutional rights must be shown[.]"  *Woodrum v. Woodward Cnty.*, 866 F.2d 1121, 1126 (9th

Cir. 1989); *see Mendocino Environmental Center v. Mendocino Cnty.,* 192 F.3d 1283, 1302 (9th Cir. 1999) ("[A]n agreement need not be overt, and may be inferred on the basis of circumstantial evidence such as the actions of the defendants.").

### B.     Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction and may hear only those cases authorized by federal law. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Jurisdiction is a threshold inquiry, and "[f]ederal courts are presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'" *Casey v. Lewis*, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 546 (1986)). Without jurisdiction, the district court cannot decide the merits of a case or order any relief and must dismiss the case. *See Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988). A federal court's jurisdiction may be established in one of two ways: actions arising under federal law or those between citizens of different states in which the alleged damages exceed $75,000. 28 U.S.C. §§ 1331, 1332. "Subject-matter jurisdiction can never be waived or forfeited," and "courts are obligated to consider *sua sponte*" subject matter jurisdiction even when not raised by the parties. *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012).

Under 28 U.S.C. § 1332, a district court has original jurisdiction of a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the dispute is between "citizens of different states." Section 1332 requires complete diversity, *i.e.*, that "the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67-68 (1996). A corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." *See* 28 U.S.C. § 1332(a)(1); *New Alaska Dev. Corp. v. Guetschow*, 869 F.2d 1298, 1300-01 (9th Cir. 1989).

Here, although the complaint asserts that the Court has federal question jurisdiction over this action (Doc. 1 at 3), as set forth above, the complaint fails to identify any federal cause of action such that it appears the Court lacks federal question jurisdiction over the matter. Furthermore, the complaint does not identify an amount-in-controversy or make clear whether the

parties in this action are diverse. Thus, it appears the Court lacks any basis to properly exercise subject matter jurisdiction over this action. Plaintiff must identify a federal basis for jurisdiction for which her claims may properly be asserted or show that diversity jurisdiction exists here by alleging a sufficient amount-in-controversy (*i.e.*, more than $75,000) and that there is complete diversity between Plaintiff and each of the named Defendants.

Relatedly, although Plaintiff does not allege where the conduct of Defendants that resulted in her injuries took place, the Court takes note that one of the named defendants is a prosecutor in the area of Superior Court of Santa Maria. *See* (Doc. 1 at 2). Venue in this action is governed by 28 U.S.C. § 1391, which provides in relevant part:

> A civil action may be brought in—(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Venue may be proper in multiple districts if "a substantial part of the events or omission giving rise to the claim" took place in each district. *Newby v. Treyled Life Settlements LLC*, No. 1:24-CV-00886-JLT-SAB, 2024 WL 5186712, at *17 (E.D. Cal. Dec. 20, 2024), *report and recommendation adopted as modified*, No. 1:24-CV-00886-JLT-SAB, 2025 WL 585913 (E.D. Cal. Feb. 24, 2025). Though section 1391 does not require that a majority of events have occurred within the district where the action is filed, "significant events or omissions material to the plaintiff's claim must have occurred in the district in question, even if other material events occurred elsewhere." *Id.*

The complaint asserts no facts permitting the Court to conclude that significant events or omissions material to the Plaintiff's claims occurred in the Eastern District of California such that venue would be proper in this Court.

V. **Conclusion and Order**

For the reasons set forth above, the Court finds the complaint fails to state any cognizable

claim against Defendants, fails to establish that this Court may exercise subject matter jurisdiction over the claims, and fails to demonstrate that venue is appropriate in this Court. Because she may be able to cure the deficiencies in her pleading, Plaintiff will be granted leave to amend her complaint to cure the identified deficiencies to the extent he is able to do so in good faith. *Lopez*, 203 F.3d at 1130.

If Plaintiff wishes to file a first amended complaint, any such amended complaint should be brief (Fed. R. Civ. P. 8(a)) but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights (*Iqbal*, 556 U.S. at 678-79). Although accepted as true, the "[f]actual allegation must be [sufficient] to raise a right to relief above the speculative level[.]" *Twombly*, 550 U.S. at 555 (citations omitted). Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in her amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (explaining no "buckshot" complaints permitted).

Finally, an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 907 n.2 (9th Cir. 2012). If Plaintiff elects to proceed with this action by filing an amended complaint, the Court cannot refer to a prior pleading in order to make an amended complaint complete. *See* E. D. Cal. Local Rule 220. The **amended complaint must be complete in itself without reference to the prior or superseded pleading**. Once the amended complaint is filed, the original pleading no longer serves any function in the case. Thus, in the amended complaint, **Plaintiff must re-plead all elements of her claims, including all relevant facts, even the ones not addressed by this screening order.**

Accordingly, it is hereby ORDERED:

1. Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) is GRANTED;
2. The Clerk of the Court shall send Plaintiff a civil rights complaint form; and
3. **Within 21 days** from the date of service of this order, Plaintiff must either:
    a. File a first amended complaint curing the deficiencies identified by the Court in this order; or
    b. File a notice expressing Plaintiff's desire to proceed on the complaint as filed, following which the undersigned will recommend that the complaint be

      dismissed; or

      c. File a notice of voluntary dismissal. Fed. R. Civ. P. 41(a)(1)(A)(i).

**<u>If Plaintiff fails to timely comply with this order, the Court will recommend that this action be dismissed for failure to state a claim, failure to obey a court order, and/or failure to prosecute.</u>**

IT IS SO ORDERED.

Dated: __June 13, 2025__              _____
                                               UNITED STATES MAGISTRATE JUDGE