UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOLITA NELSON,<br><br>   Plaintiff,<br><br>   v.<br><br>RAYMOND DUNCAN, *et al.*,<br><br>   Defendants. | Case No. 1:25-cv-00700-CDB<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION WITH PREJUDICE FOR PLAINTIFF'S FAILURE (1) TO STATE A CLAIM AND (2) TO PROSECUTE AND TO OBEY COURT ORDERS AND LOCAL RULES<br><br>(Doc. 3)<br><br>**14-DAY OBJECTION PERIOD**<br><br>Clerk of the Court to Assign District Judge |

Plaintiff Lolita Nelson ("Plaintiff"), proceeding pro se and *in forma pauperis*, initiated this action with the filing of a complaint on June 9, 2025, against Defendants Raymond Duncan, Sanda Moody, D.A. Office/Prosecutor ("D.A. Office"), Janette Duncan, and Dajion Hill (collectively, "Defendants"). (Doc. 1).

On June 13, 2025, the Court granted Plaintiff's application to proceed *in forma pauperis* and entered the first screening order, finding that the complaint fails to state any cognizable claim against Defendants, fails to establish that this Court may exercise subject matter jurisdiction over the claims, and fails to demonstrate that venue is appropriate in this Court. (Doc 3). Because the Court found that Plaintiff may be able to cure the identified deficiencies of her complaint, Plaintiff was granted leave to amend her complaint. *Id.* at 7. Plaintiff was provided 21 days from entry of the order to file any amended complaint and was forewarned that "**[i]f Plaintiff fails to timely comply with this order, the Court will recommend that this action be dismissed for failure to state a claim, failure to obey a court order and/or failure to prosecute**." *Id.* at 8.

Plaintiff failed to file any amended complaint, and the time to do so has now passed. The Court construes Plaintiff's failure to file an amended complaint as an expression of her desire to proceed on the complaint as filed and screened. For the reasons set forth below, the undersigned will recommend this action be dismissed for Plaintiff's failure to state a claim and her failure to obey a court order and to prosecute the action.

## I.     Screening Requirement

As Plaintiff was advised in the Court's screening order (Doc. 3), federal courts must screen *in forma pauperis* complaints and dismiss any case that is "frivolous or malicious," "fails to state a claim on which relief may be granted" or seeks monetary relief against an immune defendant. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (*en banc*) ("[S]ection 1915(e) not only permits but requires a district court to dismiss an [IFP] complaint that fails to state a claim."); *see also id.* at 1129 ("section 1915(e) applies to all *in forma pauperis* complaints, not just those filed by prisoners.").

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief…" Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See Balisteri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Pleadings by self-represented litigants are to be liberally construed. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," not his legal theories. *Neitzke v. Williams*, 490 U.S. 319, 330 n .9 (1989). Furthermore, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (internal quotation marks & citation omitted), and courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681

(9th Cir. 2009) (internal quotation marks & citation omitted).

## II.  Plaintiff's Allegations

In the operative complaint,[1] Plaintiff names as Defendants Raymond Duncan, Janette Duncan, Sanda Moody, Daijon Hill, and "D/A Office/Prosecutor" located at the Santa Maria Superior Court. (*See* Doc. 1). The complaint indicates the basis for federal court jurisdiction is federal question. *Id.* at 3. Plaintiff seeks a jury to decide the amount-in-controversy. *Id.* at 4. The complaint is signed and dated June 3, 2025. *Id.* at 5.

Plaintiff appears to allege that Defendants sent her "money to foreign countries to each from [her] benefits, us[ed her] identity," committed mail fraud, bought houses, cars, and acquired business in her name and all Defendants "authorize[d] abuse of power and conspiracy[,] tormenting [her.]" *Id.* at 3. Plaintiff alleges that Defendant Hill conspired with Defendant Raymond Duncan and his wife, Defendant Janette Duncan. *Id.* at 4. Plaintiff further alleges that "tenants were set up and frame, double jeopardy behind fal[s]e allegations, having [Plaintiff] put on the streets, when [she] was supporting Mr. Eugene Allen health issue." *Id*.

## III.  Discussion

### A.  Failure to File a First Amended Complaint

Plaintiff failed to file a first amended complaint following the Court's issuance of its first screening order granting leave to amend. (*See* Doc. 3). The undersigned construes Plaintiff's failure to file a first amended complaint as an expression of her desire to proceed on the complaint as filed. Thus, the undersigned will recommend that the complaint be dismissed for failure to state a cognizable claim and for failure to obey a court order and to prosecute as set forth below.

### B.  Failure to State a Claim under Rule 8

Plaintiff's complaint fails to comply with Rule 8 of the Federal Rule of Civil Procedure, fails to state a cognizable claim, fails to demonstrate that venue is proper in this Court, and cites no statutory authority nor any other applicable source of law from which her claims are raised.

---

[1] The undersigned accepts Plaintiff's allegations in the complaint as true only for the purpose of the *sua sponte* screening requirement under 28 U.S.C. § 1915.

3

The complaint does not clearly state what happened, when or where it happened, or the involvement of any of the named Defendants. Plaintiff's allegations must be based on facts as to what happened, to include identifying the alleged wrongful acts of each of the Defendants that led to the violation of Plaintiff's rights. The only facts asserted—that she was "put on the streets" when she was helping a non-party individual based on a purported conspiracy of Defendants—are deficient and conclusory such that it does not provide Defendants fair notice of the claims and grounds supporting them. *Swierkiewicz*, 534 U.S. at 513; *Iqbal*, 556 U.S. at 678 ("[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

In the section of the complaint prompting her to identify the federal statutes or other basis for federal question jurisdiction, Plaintiff alleges that one or more defendants misappropriated her identity and committed "mail fraud." These are criminal offenses. Plaintiff, as a private individual, cannot pursue claims against Defendants under criminal statutes. *See. e.g., Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (holding specific criminal provisions in the United States Code "provide no basis for civil liability"); *Clinton v. Allison*, No. 3:23-cv-01471-CAB-SBC, 2024 WL 1859956, at *10 (S.D. Cal. Apr. 29, 2024) (discussing plaintiff's references to federal and state criminal statutes and finding "criminal statutes do not give rise to civil liability under section 1983"); *Jones v. Cnty. of Sonoma*, No. 23-cv-02730-CRB, 2024 WL 1354496, at *4 (N.D. Cal. Mar. 29, 2024) (finding plaintiff "fails to state a claim under 18 U.S.C. § 1503 because the statute only applies to criminal cases and does not provide a civil cause of action"); *Bland v. Gross*, No. 1:20-cv-00542-DAD-BAM (PC), 2021 WL 120964, at *1 (E.D. Cal. Jan. 13, 2021) ("Title 18 of the United States Code is a criminal statute and does not provide individual plaintiffs with a private cause of action.") (quotation and citation omitted).

As to Plaintiff's vague reference to "conspiracy [to] torment[]" her (Doc. 1 at 3, 4), "[a] civil conspiracy is a combination of two or more persons who, by some concerted action, intend to accomplish some unlawful objective for the purpose of harming another, which results in damage." *Washington v. Thuston*, No. 1:24-cv-00254-HBK, 2024 WL 1722418, at *4 (E.D. Cal. Apr. 19, 2024) (citing *Gilbrook v. City of Westminster*, 177 F.3d 839, 856 (9th Cir. 1999)). "To

4

prove a civil conspiracy, the plaintiff must show that the conspiring parties reached a unity of purpose or common design and understanding, or a meeting of the minds in an unlawful agreement." *Id.*

Here, the complaint's conclusory allegations of a purported conspiracy of Defendants, without factual support, are insufficient to state a conspiracy claim. *See Burns v. Cnty. of King*, 883 F.2d 819, 821 (9th Cir. 1989) (per curiam). Plaintiff was admonished in the first screening order that should she seek to assert a viable conspiracy claim in a first amended complaint, an "agreement or meeting of the minds to violate [her] constitutional rights must be shown[.]" *Woodrum v. Woodward Cnty.*, 866 F.2d 1121, 1126 (9th Cir. 1989); *see Mendocino Environmental Center v. Mendocino Cnty.*, 192 F.3d 1283, 1302 (9th Cir. 1999) ("[A]n agreement need not be overt, and may be inferred on the basis of circumstantial evidence such as the actions of the defendants.").

Plaintiff was provided the opportunity to amend her complaint to correct these identified deficiencies. Because she failed to file a first amended complaint and the time to do so has passed, the undersigned recommends the complaint be dismissed for failure to state a claim.

**C.     Subject Matter Jurisdiction**

Federal courts are courts of limited jurisdiction and may hear only those cases authorized by federal law. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Jurisdiction is a threshold inquiry, and "[f]ederal courts are presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'" *Casey v. Lewis*, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 546 (1986)). Without jurisdiction, the district court cannot decide the merits of a case or order any relief and must dismiss the case. *See Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988). A federal court's jurisdiction may be established in one of two ways: actions arising under federal law or those between citizens of different states in which the alleged damages exceed $75,000. 28 U.S.C. §§ 1331, 1332. "Subject-matter jurisdiction can never be waived or forfeited," and "courts are obligated to consider *sua sponte*" subject matter jurisdiction even when not raised by the parties. *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012).

Under 28 U.S.C. § 1332, a district court has original jurisdiction of a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the dispute is between "citizens of different states." Section 1332 requires complete diversity, *i.e.*, that "the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67-68 (1996). A corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." *See* 28 U.S.C. § 1332(a)(1); *New Alaska Dev. Corp. v. Guetschow*, 869 F.2d 1298, 1300-01 (9th Cir. 1989).

Here, although the complaint asserts that the Court has federal question jurisdiction over this action (Doc. 1 at 3), as set forth above, the complaint fails to identify any federal cause of action such that it appears the Court lacks federal question jurisdiction over the matter. Furthermore, the complaint does not identify an amount-in-controversy or make clear whether the parties in this action are diverse. Thus, it appears the Court may lack a basis to properly exercise subject matter jurisdiction over this action. Plaintiff was afforded an opportunity to identify a federal basis for jurisdiction for which her claims may properly be asserted or show that diversity jurisdiction exists here by alleging a sufficient amount-in-controversy (*i.e.*, more than $75,000) and that there is complete diversity between Plaintiff and each of the named Defendants. However, because Plaintiff failed to file an amended complaint correcting the jurisdictional deficiency, the undersigned finds that it does not have subject matter jurisdiction over this action.

Relatedly, although Plaintiff does not allege where the conduct of Defendants that resulted in her injuries took place, the Court takes note that one of the named defendants is a prosecutor in the area of Superior Court of Santa Maria. *See* (Doc. 1 at 2). Venue in this action is governed by 28 U.S.C. § 1391, which provides in relevant part:

> A civil action may be brought in—(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

6

28 U.S.C. § 1391(b).

Venue may be proper in multiple districts if "a substantial part of the events or omission giving rise to the claim" took place in each district. *Newby v. Treyled Life Settlements LLC*, No. 1:24-CV-00886-JLT-SAB, 2024 WL 5186712, at *17 (E.D. Cal. Dec. 20, 2024), *report and recommendation adopted as modified*, 2025 WL 585913 (Feb. 24, 2025). Though section 1391 does not require that a majority of events have occurred within the district where the action is filed, "significant events or omissions material to the plaintiff's claim must have occurred in the district in question, even if other material events occurred elsewhere." *Id.*

The complaint asserts no facts permitting the Court to conclude that significant events or omissions material to the Plaintiff's claims occurred in the Eastern District of California such that venue would be proper in this Court.

**D.    Leave to Amend is Futile**

Plaintiff was provided an opportunity to remedy her pleadings to comport with Rule 8's requirements, correct the identified deficiencies, state a proper basis for subject matter jurisdiction, and show the Court that venue is otherwise proper in this Court. Plaintiff has failed to file an amended complaint correcting the noted deficiencies. Accordingly, the undersigned assesses that leave to amend would be futile. *See Hartman v. CDCR*, 707 F.3d 1114, 1129-30 (9th Cir. 2013); *e.g.*, *Smith v. Dyer*, No. 1:24-cv-01288-JLT-EPG, 2024 WL 4894724, at *4 (E.D. Cal. Nov. 26, 2024) (recommending complaint be dismissed without leave to amend for failure to comply with Rule 8 and lack of subject matter jurisdiction), *report and recommendation adopted*, 2025 WL 50623 (Jan. 8, 2025).

**E.    Failure to Obey Court Orders and Failure to Prosecute**

Apart from Plaintiff's failure to state a claim upon which relief may be granted, she has failed to comply with this Court's order to file an amended complaint and, as such, has failed to prosecute this action. Accordingly, the undersigned will recommend Plaintiff's complaint be dismissed on this separate, independent ground.

1.    <u>Governing Authority</u>

Local Rule 110, corresponding with Federal Rule of Civil Procedure 11, provides that

7

1  "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may
2  be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of
3  the Court." E.D. Cal. Local Rule 110. The Court has the inherent power to control its docket and
4  may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the
5  action. *Bautista v. Los Angeles Cnty.*, 216 F.3d 837, 841 (9th Cir. 2000). A court may dismiss an
6  action based on a party's failure to prosecute an action, obey a court order, or comply with local
7  rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure
8  to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128,
9  130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*,
10  779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local
11  rules).

12  "In determining whether to dismiss an action for lack of prosecution, the district court is
13  required to weigh several factors: (1) the public's interest in expeditious resolution of litigation;
14  (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public
15  policy favoring disposition of cases on their merits; and (5) the availability of less drastic
16  sanctions." *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (internal quotation marks &
17  citation omitted). These factors guide a court in deciding what to do and are not conditions that
18  must be met in order for a court to take action. *In re Phenylpropanolamine (PPA) Products*
19  *Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

20          2.      Analysis

21  Here, Plaintiff has failed to comply with the Court's orders and Local Rules. Plaintiff has
22  filed no response to the Court's first screening order granting leave to amend her complaint and
23  the time to do so has passed. There are no other reasonable alternatives available to address
24  Plaintiff's failure to respond and otherwise obey this Court's orders. Thus, the first and second
25  factors—the expeditious resolution of litigation and the Court's need to manage its docket—
26  weigh in favor of dismissal. *Carey*, 856 F.2d at 1440.

27  The third factor, risk of prejudice to Defendants, also weighs fairly in favor of dismissal
28  since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an

8

action. *See Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). This matter cannot proceed further without Plaintiff's participation to prosecute the case and file an amended complaint curing the deficiencies identified in the Court's first screening order. The presumption of injury holds given Plaintiff's unreasonable delay in prosecuting this action. Thus, the third factor—a risk of prejudice to the Defendants—also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re PPA*, 460 F.3d at 1228. Plaintiff has not moved this case forward toward disposition on the merits. She has instead failed to comply with this Court's orders and the Local Rules and, thus, is impeding the progress of this action. Therefore, the fourth factor—the public policy favoring disposition of cases on their merits—also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262. Here, the Court's order granting Plaintiff leave to amend and requiring a response from Plaintiff cautioned: "**If Plaintiff fails to timely comply with this order, the Court will recommend that this action be dismissed for failure to state a claim, failure to obey a court order and/or failure to prosecute.**" (Doc. 3 at 8). Plaintiff was adequately forewarned that the failure to timely file an amended complaint could result in terminating sanctions.

**IV.    Conclusion, Order, and Recommendation**

For the foregoing reasons, the Court **DIRECTS** the Clerk of the Court to assign a district judge to this action and **RECOMMENDS** that:

1. The Court DISMISS this action with prejudice for Plaintiff's failure to state a claim upon which relief may be granted and futility of further amendment, or in the alternative, without prejudice for her failure to prosecute this action and to comply with the Court's orders and Local Rules. *See* Local Rule 110; and

2. The Clerk of the Court be DIRECTED to close this case.

9

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  **Within 14 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court.  Local Rule 304(b).  The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave of Court and good cause shown.  The Court will not consider exhibits attached to the Objections, but a party may refer to exhibits in the record by CM/ECF document and page number.  Any pages filed in excess of the 15-page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C).  A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   **July 15, 2025**

UNITED STATES MAGISTRATE JUDGE