UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOLITA NELSON,<br><br>      Plaintiff,<br><br>   v.<br><br>RAYMOND DUNCAN, *et al.*,<br><br>      Defendants. | Case No. 1:25-cv-0700 JLT CDB<br><br>ORDER ADOPTING IN PART THE FINDINGS AND RECOMMENDATIONS, DISMISSING THE ACTION WITHOUT PREJUDICE, AND DIRECTING THE CLERK OF COURT TO CLOSE THE CASE<br><br>(Doc. 5) |

   Lolita Nelson asserts that the defendants—including Raymond Duncan, Sanda Moody, D.A. Office/Prosecutor, Janette Duncan, and Dajion Hill—sent her money to foreign countries; used her identity; committed mail fraud; bought houses, cars and other items in her name; abused their power; and conspired to torment Plaintiff.  (Doc. 1 at 3.)  Because Plaintiff is proceeding *pro se* and *in forma pauperis*, the magistrate judge screened the complaint.  (Doc. 3.)  The magistrate judge found Plaintiff failed to state any cognizable claims, failed to establish this Court's subject matter jurisdiction, and did not demonstrate that the Eastern District of California is the appropriate venue.  (*Id.* at 3-6.)  The Court granted Plaintiff 21 days to file an amended complaint.  (*Id.* at 7.)

   After Plaintiff did not file an amended complaint or otherwise respond to the Court's order, the magistrate judge issued Findings and Recommendations, reiterating the prior findings that Plaintiff failed to state a claim and did not invoke this Court's jurisdiction.  (Doc. 5 at 3-6.)

In addition, the magistrate judge found Plaintiff failed to prosecute the action, failed to obey the Court's order, and failed to comply with the Local Rules. (*Id.* at 7, 8.) The magistrate judge found terminating sanctions are appropriate after considering the factors identified by the Ninth Circuit in *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988). (*Id.* 8-9.) The magistrate judge recommended the Court dismiss the matter "with prejudice for Plaintiff's failure to state a claim upon which relief may be granted and futility of further amendment, or in the alternative, without prejudice for her failure to prosecute this action and to comply with the Court's orders and Local Rules." (*Id.* at 9.)

The Court served the Findings and Recommendations on Plaintiff and notified her that any objections were due within 14 days. (Doc. 5 at 10.) The Court advised Plaintiff that the "failure to file any objections within the specified time may result in the waiver of certain rights on appeal." (*Id.* at 10, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014).) Plaintiff did not file objections, and the time to do so has passed.

According to 28 U.S.C. § 636(b)(1), this Court performed a *de novo* review of this case. Having carefully reviewed the matter, the Court concludes the findings that Plaintiff failed to prosecute the action and failed to comply with the Court's order are supported by the record and proper analysis. However, the magistrate judge did not specify which Local Rule that Plaintiff failed to comply with, and the Court declines to speculate as such. To the extent the magistrate judge refers to Local Rule 110, the rule addresses the authority of the Court to impose sanctions. (*See* Local Rule 110.) Thus, the Court declines to adopt the finding that Plaintiff also failed to comply with the Local Rules.

In addition, the screening findings— that Plaintiff failed to state a claim that invokes this Court's jurisdiction and does not show the Eastern District is the proper venue—are supported by the record and proper analysis. However, dismissal *with* prejudice is not appropriate given the initial determination that Plaintiff fails to invoke the Court's jurisdiction. *See Kelly v. Fleetwood Enters., Inc.*, 377 F.3d 1034, 1036 (9th Cir. 2004) ("because the district court lacked subject matter jurisdiction, the claims should have been dismissed without prejudice"); *Missouri ex rel. Koster v. Harris,* 847 F.3d 646, 656 (9th Cir. 2017) (the proper dismissal for lack of jurisdiction

"is without prejudice"). Consequently, modification to dismissal *without* prejudice is necessary.

Based upon the foregoing, the Court **ORDERS**:

1. The Findings and Recommendations dated on July 15, 2025 (Doc. 5) are **ADOPTED** in part.
2. Plaintiff's complaint (Doc. 1) is **DISMISSED** without prejudice for failure to state a claim that invokes this Court's jurisdiction, failure to obey the Court's order, and failure to prosecute.
3. The Clerk of Court is directed to **CLOSE** this case.

IT IS SO ORDERED.

Dated:   **August 7, 2025**

UNITED STATES DISTRICT JUDGE

3